UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARNETT D. DUBOSE,

    Plaintiff,

v.

BENNY NAPOLEON, KYM L. WORTHY,
ROBERT STEVENS, LIEUTENANT SEEGARS,
BAILIFF JOHN DOE, SUPERVISOR JOHN DOE,
JAMES A. CALLAHAN, and DEPUTY SHERIFF
JOHN DOE,

    Defendants.

_____/

CASE NO. 10-11157
HONORABLE MARIANNE O. BATTANI

## ORDER OF PARTIAL DISMISSAL

### I. Introduction

Plaintiff Garnett D. DuBose is a state inmate currently confined at Macomb Correctional Facility in New Haven, Michigan. Defendants are: Wayne County Sheriff Benny Napoleon; Wayne County Prosecutor Kym L. Worthy; Assistant Wayne County Prosecutor Robert Stevens; Wayne County Deputy Sheriff Seegars; Wayne County Circuit Judge James A. Callahan; and three Wayne County Deputy Sheriffs identified only as John Doe(s).

The complaint alleges that, on January 13, 2010, Wayne County Sheriffs transported Plaintiff and another inmate from Macomb Correctional Facility to the Frank Murphy Hall of Justice to testify at a criminal trial. Due to a delay in court proceedings, Plaintiff was housed in the Wayne County Jail overnight. He claims that he lacked

water, a mattress, and restroom facilities for several hours and that he was struck and bit by an inmate on the following morning. Eventually, he was taken to court where defendant Robert Stevens apologized to him for the ordeal and showed him pictures of witnesses for the defendant who was being tried. Plaintiff identified the persons who were involved in the assault on himself, and he later testified about the attack. After he completed his testimony, he requested medical attention for his injuries, but his request was denied, and he was returned to the jail where officials told him that grievance forms were unavailable. On January 15, 2010, defendant Seegars took Plaintiff's statement about the incident and he was returned to Macomb Correctional Facility where he was treated for his injuries.

Plaintiff sues the defendants in their official and individual capacities for declaratory, injunctive, and monetary relief. He claims that the defendants deliberately placed him in an unsafe setting and failed to monitor and inspect the jail cells.

## II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his poverty. An indigent prisoner's civil rights complaint, or any portion of it, may be dismissed if the complaint seeks redress from a governmental entity, officer, or employee and (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). To successfully establish a prima facie case under § 1983, a civil rights plaintiff must prove that the defendant acted under color of state law and deprived the plaintiff of a federal right. Block v. Ribar, 156 F.3d

673, 677 (6th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### III. Discussion

The Court begins its analysis by noting that the doctrine of judicial immunity protects judges from suit in both their official and individual capacities. Dixon v. Clem, 492 F.3d 665, 674 (6th Cir. 2007). Judicial immunity includes immunity from suits for injunctive relief. See 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Judge Callahan therefore is dismissed from this lawsuit.

The complaint also fails to state a claim against Sheriff Benny Napoleon and Prosecutor Kym L. Worthy. The facts as alleged indicate that these defendants had no personal involvement in the alleged misconduct. To the extent that Plaintiff seeks to hold these defendants liable under a respondeat superior theory of liability, his claims lack merit, because vicarious liability is not a basis for relief in a civil rights action. Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 694-95 (1978)). Instead,

> [t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). "Supervisory liability under §

1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999)). Nor can supervisory liability "be based solely on the right to control employees, or simple awareness of employees' misconduct." McQueen v. Beecher Cmty. Sch., 433 F.3d 460, 470 (6th Cir. 2006) (citations and quotation marks omitted).

Plaintiff has not shown that defendants Napoleon and Worthy were directly involved in or encouraged the alleged misconduct or were aware of the events giving rise to the complaint. Accordingly, those defendants are dismissed from this action.

## IV. Conclusion

Plaintiff's claims against Benny Napoleon, Kym L. Worthy, and James Callahan lack an arguable basis in law. Accordingly, defendants Napoleon, Worthy, and Callahan are summarily **DISMISSED** from this lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff has stated arguable claims against the remaining defendants. Accordingly, the United States Marshal is ordered to serve the appropriate papers on defendant R. Stevens and Lieutenant Seegars. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

Plaintiff is **ORDERED** to serve a copy of all future documents on the remaining defendants or on counsel if legal counsel represents those defendants. Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to the defendants or to defense counsel. The Court will disregard any paper received by a district judge or a magistrate

4

judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

          s/Marianne O. Battani
          MARIANNE O. BATTANI
          UNITED STATES DISTRICT JUDGE

Dated: April 13, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon Plaintiff via ordinary U.S. Mail.

          s/Bernadette M. Thebolt
          Case Manager